I am really pleased to hear from you, Mr. Price. Thank you, Your Honor. This is a case involving the issue of whether transfer is appropriate under the District Court under 28 U.S.C. Section 1631. Has the statute of limitations run for filing in the District Court if we were not to transfer? I do not believe so. Okay. It is really a three-pronged test for whether transfer is appropriate. The first prong of the test is whether the transferring court lacks jurisdiction. Excuse me. I am sorry. Could you maybe either move the microphone closer? It is me today. I think I am having trouble hearing. Probably my voice. The first prong is whether the transferring court lacks jurisdiction. The BIA decision in this case was on an I-130 petition and there was no final order of removal at that time. This court does lack jurisdiction over this petition. The second prong of the test is whether the transferee court could have exercised jurisdiction at the time the action was filed and under the Administrative Procedure Act, the District Court could have exercised jurisdiction. The third prong, which is usually litigated the most in Section 1631 cases, is whether the transfer is in the interest of justice. First and foremost, the government as well as the petitioner here both have not opposed a transfer of the case to the District Court. The part of the case you want transferred is the denial of Johnson's challenge to the denial of her I-130 petition? That is correct, Your Honor. Nothing about Ando would be transferred. It would purely be the attack upon the denial of the petition for an alien relative. Well, that would be the upshot of the situation. But I want to make sure what you want us to transfer. That would be what we would be transferring. That would be the end conclusion of whether or not the I-130 was correctly or incorrectly denied by the USCIS and by the BIA. So it's that little discreet chunk of it that the denial of the petition for an alien relative that you want transferred? Yes, Your Honor. And that is the ultimate decision to which the motion to reopen had been filed and the submission of a great deal of documentation in complete compliance with the governing federal regulation. And that was indicated in the notice to appear, which was not even addressed by the BIA in its summary denial. We specifically stated that we submitted a substantial amount of documentation in compliance with every requirement of the governing federal regulation. Not a word in the BIA decision addressed our notice of appeal statement. Your Honor, what we're up here for, I mean, I want to make clear what's actually before us. You're thinking that there was an abuse of discretion here on the part of the BIA in denying the motion for a continuance? No, denying the motion to reopen. Okay, but denying the motion to reopen? Yes, incidentally, there was a final order of removal issued during the proceedings in this case. And that is in a companion Fourth Circuit case. Why would the BIA reopen Angie's case when his fight against removal proceedings hinges on the outcome of the I-130 petition for an alien relative? And if that had been twice, I'm just trying to understand the procedural posture, I'm confused. If that had been twice denied at USCIS, and that was the basis for Angie's resistance to removal, why would it be an abuse of discretion at that point for the BIA to decline to reopen Angie's case? The BIA did not consider, well, neither the new evidence presented nor the statements in the notice of appeal. And that was the thrust of our brief that was filed in this case in connection with the denial of the I-130 and the BIA decisions. Now, with respect to this double denial by the USCIS, the first was based on an abandonment because they could not come to an interview because of some illness that they had at that point in time at the first interview. They didn't want to continue with the interview, so they were told to leave and that they could refile their petition, which the petitioner did within 30 days after the first denial based on what USCIS had told them. So there was never really a hearing or anything like that in connection with the first I-130. It was the second I-130 that was litigated before USCIS as to the merits of the I-130. It seemed to me that the BIA had been patient beyond measure on this, given something like seven or eight non-previous continuances because, I guess, USCIS was still considering Johnson's I-130. But, I mean, what are we to make of the non-continuances? Those continuances were before the immigration court, and the immigration court had to wait for a decision by USCIS, which took many years. It took about four years or so, something like that. And that's why there were so many continuances. They were not based upon our desire to just stagger out the proceedings. We wanted a decision. USCIS did not give us a decision. Would you revere under an abusive discretion standard with respect to the motion to reopen? Yes, that would be under an abusive discretion standard. With regard to the third point, though, that whether the transfer is in the interest of justice, besides the fact that the government has not opposed a transfer, there's a financial liability to the petitioner if this case is not transferred and she has to refile in the district court. Do we consider the likelihood of success in deciding whether to transfer, or is that not relevant? Likelihood of success is the wrong terminology, I believe, for that. It's whether a colorable claim has been advanced. That's a pretty low bar then in making that determination. It is, but we have that met hands down. And that goes back to that notice to appeal that was filed by us before the BIA, which they did not consider the governing federal regulation which was cited in our notice. They didn't consider the substantial documentation that was submitted in compliance with the federal regulation. And if they had looked at that, they would have seen that I had written a brief to the USCIS even indicating that the controlling case law was totally followed by the petitioner in terms of the documentation that was to be submitted to establish the bona fides of the marriage. Now there was one prong in the governing federal regulation which is not in the controlling case law. And that is that a petitioner should submit birth certificates of children born in a marriage. But here the petitioner was 53 years of age. She was menopausal and unable to conceive. And so that factor really is not significant in the federal regulation. And if it were, it would be discriminatory based upon age of people applying for I-130 privileges for the approval. So that factor really is not to be taken into account because of the age of this marital couple. They're middle aged. They're not young. They're not child producing. But all of the other factors in the governing federal regulation and the controlling case law have been met by the documentation that was submitted. Before you sit down, I want to make sure that I understand what it is you want following up on Judge Wilkinson's question. I understand that you would like a transfer to the district court of the denial of the I-130 petition for Johnson. But Ando, with regard to Ando, what is it? Ando is the beneficiary. Right. A beneficiary husband and that he sort of tallies along with the petitioner, his wife. And that's really the essence of this case. Yes, there was a motion to reopen and there was a notice of appeal and all of those little I suppose Johnson is successful if we were to transfer it and she gets the denial of the I-130 overturned. Then he goes to an adjustment of status. But Mr. Ando would be able to reopen his case at that point. Absolutely. He'd be going for a green card. So why do it now? If she wins, he'll be able to reopen his case. But whether she wins or not will be dependent upon the district court decision. And this court cannot adjudicate that because it doesn't have jurisdiction. In my thinking of adjudicating it, we have two questions before us. One, did the board abuse its discretion in denying Andrew the motion to reopen? And as I see it, the difficulty for you there is that UCIS has denied the I-130 petition twice. Now I'm interested in the government's position on the transfer of this as well as the answer to Judge Keenan's question about the likelihood of success factoring in the overall interest. The question on transfer is it is in the interest of justice to transfer. And UCIS has been through this twice and found this to be a sham marriage. And you say, well, there are certain financial documents that they filed together, but these sham marriages are a real problem. And in this case, as I understand it, the two persons did not at any point live together. And I don't know why the question of a sham marriage would be anything other than a factual question for the finder of fact, which would appear heavily on credibility. And if that went against you, it would be interesting for me to know what the practical chances of overturning this might seem. And that gets back to what Judge Keenan said. To what degree is the possibility or likelihood of success in the transfer decision? That's one thing I want to find out. Well, first of all, they have lived together from the day they were married, maybe even before that, up to the present time. And there is a joint lease in the documents we've submitted. There are bank account statements, joint bank account statements with the same addresses. There are tax returns with the same addresses. All the marital address has been confirmed over and over again in multiple documents, insurance documents, leases, tax returns, joint utility accounts of Verizon, EBS, you name it. There is substantial amount of evidence to establish that they've lived together, and they have so testified before the USCIS. But these turn substantially on credibility. There's no issue of credibility with regard to these documents. That may or may not be. We're only hearing their side of it, but I understand what you're pointing. In any event, the federal regulations call for a certain amount of documentation to be submitted to establish the very thing that you said, that they lived together, they resided together. And we have submitted those documents over a period of years, going back to the inception of the marriage, which is a key concept in the Supreme Court case of Luttwak versus United States. You have to establish a marital relationship from the inception. And we have done that. But the BIA never considered it. Not one document was considered by the BIA. All right. Okay. We appreciate it, and we will look forward to your rebuttal. Thank you, Your Honor. Mr. Bocchini? Yes. Walter Bocchini for the Department of Justice. May it please the Court. Your Honors, I think the Court, under LeBlanc, essentially ruled that it can't, that it lacks jurisdiction to review a visa petition denial or any decision issue in visa petition proceedings. So the proper course of action. Can you speak up a little bit? Yes. So the proper course of action with respect to the petitioner for review in 132223, attempting to challenge the decisions issued in visa petition proceedings, is to dismiss outright or to transfer under 1631. We don't oppose the transfer. We do not oppose the transfer, Your Honor. I mean, generally speaking, the government refrains from opposing transfers under 1631, you know, to the extent that it might be, it might look like we're delaying litigation or somehow attempting to prevent petitioners from litigating issues that they could still litigate in district court. So for the most part, in the case, we generally agree that transfer is in the interest of justice. Again, as counsel pointed out, there are also some initial considerations. So you don't oppose these as a routine matter? As a routine matter, no, Your Honor. I mean, the fact is, if counsel wants to continue to litigate these issues in district court, he has the right to do so. He could, if the court dismisses it, he can still refile it. Do you think the BIA was right to decline to reopen it during the tendency of the transfer? Absolutely, Your Honor. We would intend to defend the agency decisions in district court, and we believe that we have a very high likelihood of success. And why was there no abuse of discretion in your view? Are we talking now about the, are we still talking about the visa petition proceedings, the petition for review in 13-22-23, or are we talking abuse of discretion and the immigration judge's denial of a continuance in the petition for review in 14? I was talking about the BIA. I thought what was being contested was the BIA's refusal to reopen. Right. Well, Your Honor, well, obviously that should be litigated in district court, but we have here two findings of the, we have a finding of the USCIS with a thorough decision indicating a marriage fraud finding. When the petition for review first appealed that decision back in 2012, they did not file a brief. When the BIA, instead of filing a, what they did file is a notice of appeal along with a notice of appearance. And the BIA took note that there was no brief filed, and the BIA reviewed the notice of appeal, and it concluded the notice of appeal didn't raise any issues on, any argument contrary to the CIS's findings. And we think that that's not abuse of discretion for the BIA to make that finding on the visa petition proceedings. Now, if this court is transferred to district court, the issues that would be litigated in district court would be very limited. It would be limited to whether the BIA abused discretion in denying the first appeal based on the blurb they included there, and that the BIA found insufficient to raise an issue. I thought the transfer to the district court was for a collateral attack on the denial of the I-130. Yes. It's solely on the I-130, Your Honor. It has nothing, obviously we believe that the denial of the continuance petition for review is ripe for adjudication right now. It's probably before this court. And that petition for review should be dismissed as moot or denied as denied because the agency did not abuse discretion in denying the continuance. The collateral attack on the I-130, it's a collateral attack, but obviously there are also exhaustion issues at play. The petitioner, which in that case would be Johnson, who is the wife of the United States citizen. So are you saying that we have before us the question of the denial of a continuance or the denial of a motion to reopen or both? Which? Well, the court consolidated the cases for argument, so I think that at this point we're discussing, I assume that we were discussing both petition for review 13-22-23, which is the denial of the motion to reopen these petition proceedings, and a petition for review in 14-18-38, which is the agency's denial of the continuance in removal proceedings. With respect to 14-18-38, that case is ripe for adjudication. It's probably before the court, and the court should either dismiss it as moot or deny it. With respect to the 18-22-23 petition for review, that's the one that should be transferred or dismissed outright. I understand that these cases have got very procedurally complex. I'm just trying to figure out what we have before us. Is the denial of the continuance being challenged? Yes. By the agency? Yes, in petition for review, yes, Your Honor. All right, okay. Is the denial of the motion to reopen being challenged? Denial of the motion to reopen visa petition proceedings, yes, Your Honor. Okay. And you're saying that one of these is moot? Yes, we believe that the denial of the continuance, as we point out in our brief, is moot because the petitioner asked for a continuance before the immigration judge, pending the board adjudication of his appeal. And the board has adjudicated that appeal. And he hasn't taken any action with respect to that case at this point. Well, if we're all then fooled with the mootness, why don't we just move to the merits? The mootness is kind of squirrely. It is a little bit squirrely, Your Honor. I agree. But if we move past the mootness issue, that petition for review should still be denied because the immigration judge followed a matter of hash me all the way through, granting the nine continuances while the I-130 was pending. And once he became aware that the I-130 had been denied, he denied a tenth continuance. And that is completely in line with the agency decision in a matter of hash me requires and outlines as one important factor is the denial of the I-130 and the ultimate likelihood of success in the adjustment of status. All right. Well, we hope you'll bring us an even more procedurally complex case next year. It will be fun for you. Well, Your Honor, I think that obviously if the petition for review in 1838 is denied, then we only have to deal with the limited issues in the visa petition for review. And we feel that that would be a litigated conclusion relatively quickly. I think we understand. Okay. If you have any more questions. Thank you, Your Honors. Thank you. Mr. Price, I'm happy to hear from you, sir. Just one simple word. We're dealing with two cases in the Fourth Circuit. One is 14-1838 and the other one is I think it's 13-2223. And that is the case that was scheduled for this docket, not the 14-1838 which dealt with the continuance issue before the Immigration Court. And so that is a different scenario than this one. We're only dealing with the ability to get this petition transferred to the district court to rule on the merits of the I-130, the motion to reopen, and the notice of appeal issues. The 14-1838 case is not before this court, at least not before this panel. And that does deal with the continuance issue that you referenced, Judge Wilkinson. Just to straighten all of these procedural things. I don't know that it's been straightened, but we appreciate you trying. I just attempted to. I don't know if I've straightened it out, but that's the deal. If you have any other questions, I'd be more than happy to answer. But I have nothing further. All right. We thank you. We'll come down and say hi to counsel, and then we will take a brief continuance. Take a brief recess. I'm sorry. Continuance isn't much on my mind after that last case. That's 1838. Uh-huh. This honorable court will take a brief recess.
judges: J. Harvie Wilkinson III, Barbara Milano Keenan, Stephanie D. Thacker